■ STATE OF NEW YORK, Respondent, v. BERNARD ISAACSON, Appellant.— Appeal from an order of Supreme Court, Albany County, which granted respondent's motion for summary judgment against the appellant in the amount of $11,191.48, and from the judgment entered thereon. The action seeks to recover moneys paid to the appellant under a Public Assistance Intern Scholarship contract which granted tuition and subsistence allowances to him while he obtained a graduate degree in social work at Columbia University. In consideration of this financial help, appellant agreed to accept an internship in a supervisory position assigned to him by the State Department of Social Welfare after graduation. Two contracts, dated July 8, 1965 and August 30, 1966, provided that if appellant failed or refused to accept such employment by withdrawing from the assigned internship duties before performance, he agreed to refund the amount expended by the State for his college costs and subsistence. Just before completion of two years graduate work, appellant was assigned by respondent to a supervisory internship at an annual salary of $6,124. He refused to accept on the grounds that the salary was less than he could obtain by working in New York City and less than he was willing to accept. He offered to refund the grant money. It is his contention that under the contract the supervisory internship could be waived if the student demonstrated prior comparable experience and that the failure of the respondent to waive it in his case constitutes bad faith. He offers no evidence of prior supervisory experience justifying a waiver. The terms of the contract are clear, as is appellant's default. Order and judgment affirmed, without costs. Reynolds, J. P., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.

■ In the Matter of the Claim of EDWARD MANCE, Appellant, v. WASHINGTON REFRIGERATION CORP., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed May 8, 1969, which disallowed a claim for compensation under the Workmen's Compensation Law. There was substantial evidence supporting the board's decision that the injuries sustained by claimant did not arise out of and in the course of employment and the questions of credibility were within the province of the board. Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT EDWARD LEE, Appellant.— Appeal by the defendant from a judgment of conviction rendered April 20, 1970 by the County Court of Schenectady County upon his plea of guilty to the crime of rape in the first degree. It appears that the defendant's plea of guilty was freely and voluntarily entered and he raises no issues in regard thereto upon this appeal. The defendant concedes that under the present Penal Law the court was not required to consider or have before it psychiatric reports for the purpose of sentencing and accordingly his contentions in regard thereto are without merit. The trial court could have imposed a sentence with a maximum of 25 years but instead imposed a maximum of 15 years and in view of the fact that the crime was one of forcible rape, it cannot be found that the sentence was excessive. Judgment affirmed. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.